# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**TIMOTHY WILLIS,**

                 **Plaintiff,**

**-vs-**                                                **Case No. 6:11-cv-1592-Orl-35GJK**

**LISA MUNYON,**
**NINTH JUDICIAL CIRCUIT COURT OF**
**FLORIDA,**

                 **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)
>
> **FILED:** September 28, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be dismissed as frivolous.**

## I. BACKGROUND.

On September 28, 2011, Timothy Willis (the "Plaintiff") initiated this action *pro se* by filing a complaint (the "Complaint") against Lisa Munyon, a Circuit Court Judge for Ninth

Judicial Circuit Court of Florida, and the Ninth Judicial Circuit Court of Florida (collectively, the "Defendants"). Doc. No. 1. Plaintiff alleges that Judge Munyon "deliberately violated [Plaintiff's] personal liberties and . . . has wantonly refused to provide due process and equal protection" rights to Plaintiff during a civil trial where Plaintiff was party, Case No. 2010-CA-015764-O. Doc. No. 1 at 1-2. During Plaintiff's case in the Ninth Judicial Circuit Court of Florida, Plaintiff alleges that the Defendants: intentionally ignored controlling facts; intentionally and frequently misstated relevant facts; intentionally and fraudulently ignored controlling law; and purposely misapplied the law in bad faith. Doc. No. 1 at 2-4. Plaintiff requests this Court enter a protective order from the orders connected with the state court case and award Plaintiff his costs. Doc. No. 1 at 5. Now before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (the "Motion"). Doc. No. 2

## II. THE LAW.

### A. The Statute and Local Rules.

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (2010) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B. Discretion Under 28 U.S.C. § 1915.

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips*

---

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).
[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

3

*v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

    C.    **Frivolous Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I).**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639. A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.* Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329*; Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

**III.**    <u>**ANALYSIS**</u>.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). "Absolute judicial immunity 'applies even when the judge's acts are in error, malicious, or were in excess of his or

4

her jurisdiction.'" *Williams v. Alabama*, 2011 WL 1659351 at *1 (11th Cir. April 27, 2011) (quoting *Bolin*, 225 F.3d at 1239). In *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005), the Eleventh Circuit explained:

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Id*. "[T]he district court may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint." *Williams*, 2011 WL 1659351 at * 1.

Based on the allegations in the Complaint, the acts complained of constitute normal judicial functions, and the events occurred in open court, involving a case pending before Judge Munyon. Doc. No. 1. Thus, absolute judicial immunity operates as an "obvious bar" to Plaintiff's allegations.

The allegations in the Complaint are also barred by the *Rooker-Feldman* doctrine. In *Skinner v. Switzer*, 131 S.Ct. 1289, 1297 (Mar. 7, 2011), the United States Supreme Court recently clarified the meaning and application of the *Rooker-Feldman*, stating:

> As we explained in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the *Rooker–Feldman* doctrine has been applied by this Court only twice, i.e., only in the two cases from which the doctrine takes its name: first, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), then 60 years later, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Both cases fit this pattern: <u>The losing party in state court filed suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment. Alleging federal-question jurisdiction, the plaintiffs</u>

5

> in *Rooker* and *Feldman* asked the District Court to overturn the injurious state-court judgment. We held, in both cases, that the District Courts lacked subject-matter jurisdiction over such claims, for 28 U.S.C. § 1257 "vests authority to review a state court's judgment solely in this Court." *See Exxon*, 544 U.S., at 292, 125 S.Ct. 1517.

*Id*. (emphasis added). Thus, the *Rooker-Feldman* doctrine holds that District Courts lack subject matter jurisdiction to review state court judgments. *Id*. The core of Plaintiff's case seeks relief from the judgment of the state court. *See* Doc. No. 1. Accordingly, the Court lacks subject-matter jurisdiction over the Complaint.

Accordingly, it is **RECOMMENDED** that the Court:

1.  **DENY** the Motion (Doc. No. 2);

2.  **DISMISS** the case as frivolous; and

3.  Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **The Clerk is directed to send a copy of this report and recommendation to Plaintiff by Certified Mail.**

**DONE and ORDERED** in Orlando, Florida on October 4, 2011.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
**Unrepresented Parties by Certified Mail**